Robert C. Ryan (#7164)
Timothy A. Lukas (#4678)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: (775) 327-3000
Fax: (775) 786-6179
rcryan@hollandhart.com
tlukas@hollandhart.com

*Attorneys for Defendant Southern Industrial Chemicals, Inc.*



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### (RENO)

| | |
|---|---|
| DAVID M. SEMAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMETALL US, INC., et al., <br><br> Defendants. | No. 3:19-cv-00125-MMD-CBC <br><br> **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING BY SOUTHERN INDUSTRIAL CHEMICALS, INC.** <br> (First Request) |

Defendant Southern Industrial Chemicals, Inc. ("SIC"), by and through its undersigned counsel, moves for an enlargement of time to file a responsive pleading. This Motion is based on the following Memorandum of Points & Authorities, the papers on pleadings on file, and any additional information the Court chooses to consider.

**MEMORANDUM OF POINTS & AUTHORITIES**

I. **LAW & ARGUMENT**

This is a lawsuit brought by Plaintiffs David M. Semas and Metalast Inc. (collectively "Plaintiffs"). Plaintiffs filed a First Amended Complaint ("FAC") in the United States District Court for the Central District of California alleging five claims related to the breakup of a business and disagreements over the terms of a subsequent settlement agreement. ECF No. 16.

1

On February 14, 2019, SIC was served with a copy of the Summons and FAC. Accordingly, a responsive pleading is due on or before March 7, 2019. Fed. R. Civ. P. 12(a)(1)(A)(i).

On January 11, 2019, Defendants Chemetall US, Inc., BASF Corporation, and Proposed Intervenor Chemeon Surface Technology, LLC, filed a Motion to Dismiss or, in the Alternative, to Transfer or Stay this case in the Central District of California. ECF No. 22. Defendants Broco Products, Inc., and Electroplating Consultants International, Inc., filed a Motion to Dismiss or, in the Alternative, to Transfer or Stay this case in the Central District of California. ECF No. 23. On January 30, 2019, Defendant QualiChem, Inc., filed a Motion to Dismiss or, in the Alternative, to Transfer or Stay this case in the Central District of California. ECF No. 31. On February 12, 2019, Defendant John Schneider & Associates, Inc., filed a Motion to Dismiss or, in the Alternative, to Transfer or Stay this case in the Central District of California. ECF No. 47.[1] On February 27, 2019, Judge Josephine L. Staton of the Central District of California granted the Motion to Transfer this action to the United States District Court for the District of Nevada. ECF No. 61. On March 6, 2019, the Court issued its Order denying all motions without prejudice that were filed in the Central District of California prior to the transfer of this action. ECF No. 75. The Court also provided the parties with 15 days to re-file any denied motion, should counsel deem it appropriate. *Id.*

Defendants had filed responsive pleadings in the form of their Motions to Dismiss, or in the Alternative, to Transfer or Stay. *See* ECF Nos. 22, 23, 31, 47. Defendants all intend to re-file their Motions in compliance with the local rules of the District of Nevada and to reflect the current venue issues where applicable within the 15 days provided by the Court. Defendants and SIC are all represented by the same counsel. As SIC has not yet filed a responsive pleading, SIC requests an extension of time to file a responsive in accordance with the other Defendants. Accordingly, SIC requests an extension of 14 days from the date of this Motion to file a responsive pleading.

---

[1] Defendants Chemetall US, Inc., BASF Corporation, Broco Products, Inc., Electroplating Consultants International, Inc., QualiChem, Inc., John Schneider & Associates, Inc., and Proposed Intervenor Chemeon Surface Technology, LLC are hereinafter collectively referred to as "Defendants."

Federal Rule of Civil Procedure 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The proper procedure, when additional time for any purpose is needed, is to present a request for extension of time before the time fixed has expired. *Canup v. Miss. Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962). Extensions of time may always be asked for, and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

SIC seeks an enlargement of time to file a responsive pleading. Good cause exists to extend the time to file this Motion. The extension of time is requested so that SIC can file a responsive pleading along with the other Defendants. Prior to the Court's Order of March 6th (ECF 75), SIC would have been able to file a joinder with those motions filed by the Defendants in the Central District of California thereby meeting the original dates set under FRCP 12(a)(1)(A)(i) without needing any additional time; however, those Motions were denied without prejudice by this Court. Defendants intend to re-file their Motions within the 15 days provided by the Court, while making the necessary modifications to conform with this Court's Rules. It is SIC's intention to join those motions too. SIC requests this extension of time so that it may file its motion along with the other Defendants. This will save the Court and the parties time in briefing and arguing one set of Motions as opposed to several. SIC therefore requests an extension of time to file their responsive pleading of 14 days. This request will provide SIC the same amount of time as the Court granted Defendants to refile their Motions.

SIC would normally request a stipulated extension to respond and file the same with the Court, but Plaintiffs currently have no qualified counsel to represent them before this Court (*see* ECF 74) as well as the timelines being extremely short for SIC to respond. So, in order to prevent any further complications, SIC seeks an extension of time to respond concurrent with the

Defendants. Plaintiffs will not be prejudiced by a small enlargement of time. This Motion is made in good faith and is not for the purpose of delay.[2]

## II. CONCLUSION

Based on the foregoing, SIC respectfully requests this Motion for Enlargement of Time be granted and the deadline for filing a responsive pleading be extended 14 days up to and including March 21, 2019.

DATED this 7th day of March, 2019

HOLLAND & HART LLP

/s/ Timothy A. Lukas
Robert C. Ryan (#7164)
Timothy A. Lukas (#4678)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for Defendant Southern Industrial Chemicals, Inc.*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED March 7, 2019

---

[2] SIC specifically reserves the right to assert all defenses outlined in Federal Rule of Civil Procedure 12(b), including those defenses outlined in Rule 12(b)(2)-(5).

4