UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. SEMAS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHEMETALL US, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:19-CV-00125-CLB<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[ECF Nos. 192] |

Currently pending before the Court is Defendants' Chemetall US, Inc., BASF Corporation, QualiChem, Inc., John Schneider & Associates, Inc., Ronatec C2C, Inc., Southern Industrial Chemicals, Inc., and Miles Chemical Company ("Defendants") motion to stay these proceedings pending the final resolution of *Chemeon Surface Technology, LLC v. Metalast Int'l, Inc.*, Case Number 3:15-cv-00294-CLB ("The *Chemeon* Litigation."). (ECF No. 192.)[1] Plaintiff responded, (ECF No. 194), and Defendants replied. (ECF No. 195, 196.) For the reasons stated below, the Court grants Defendants' motion to stay these proceedings.

"A district court has discretionary power to stay proceedings in its own court under [*Landis*]." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ). When deciding whether to issue a stay, the court must weigh competing interests including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The proponent of a stay bears the burden of

---

[1] Defendant Abermarle Corporation joined the motion. (ECF No. 193.)

establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (citing *Landis*, 299 U.S. at 255, 57 S.Ct. 163).

Having considered the parties filings and the above factors, the Court finds that a stay is appropriate in this case to conserve the Court's and the parties' resources, to avoid any possibility of inconsistent results, and to aid in the resolution of this action. The Court recognizes that a stay will delay resolution of this action, which may cause some hardship to Plaintiff. However, the hardship that Plaintiff may suffer due to the delay in this case, is outweighed by the simplification of the issues, proof, and questions of law and fact that will arise by the resolution of the outstanding issues in the *Chemeon* Litigation prior to this litigation proceeding.

For all these reasons, the Court grants Defendants' motion to stay, (ECF No. 192). In addition, the Court denies Plaintiff's Motion to Amend, (ECF No. 187), as moot.

**IT IS SO ORDERED.**

DATED: September 8, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**