UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. SEMAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHEMETALL US, INC., *et al.*, <br><br> Defendants. | Case No. 3:19-CV-00125-CLB <br><br> **ORDER** |

Pending before the Court is Defendants' motion for attorney fees. (ECF No. 232.) In their motion, Defendants submitted defense counsel's billing entries for this case. (ECF No. 232-13.) However, nearly every entry contains redactions. (*Id.*) In opposition, Plaintiffs argue the redactions make it difficult to determine whether the billing entries relate to work completed on this specific case. (ECF No. 234 at 18-19.) In their reply, Defendants argue that redactions are routine for the purposes of protecting attorney-client communications and attorney work product. (ECF No. 240 at 10-11.) Defendants note they would be willing to submit unredacted copies of the billing entries *in camera* for the Court's review. (*Id.*)

When determining whether and to what extent attorney fees may be awarded, the "party seeking an award of fees must submit evidence supporting the hours worked." *Fan v. Jiang*, No. 3:21-CV-00458-RCJ-CLB, 2023 WL 2189032, at *2 (D. Nev. Feb. 23, 2023) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Id.* (quoting *Hensley*, 461 U.S. at 433.) "Redacting time entries is legitimate as long as the requesting party is still 'furnishing enough information for a court to form a judgment on whether its fees were legitimate.'" *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-CV-00167-APG-PAL, 2018 WL 4409367, at *4 (D. Nev. Sept. 17, 2018) (quoting *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004)). "Parties are entitled 'for good reason' to redact information 'about what went on between client

and counsel, and among counsel.'" *Id.* (quoting *Democratic Party of Wash. State*, 388 F.3d at 1286.) "Appropriate redactions from billing records for attorney-client privilege or work product may be made for the public filing with non-redacted copies of such records filed under seal." *Reflex Media, Inc. v. Richard Easton Ltd.*, No. 2:20-CV-00051-GMN-EJY, 2022 WL 17095158, at *6 (D. Nev. Nov. 21, 2022). But the "redacted billing entries [must] contain[] sufficient information for the court to determine the nature and extent of the services performed . . . ." *Matter of Guardianship of Shively*, 542 P.3d 750, 750 (Nev. 2024) (holding that the lower court did not abuse its discretion in granting fees because the redacted billing entries contained enough information "to determine the general purpose of each task").

Here, nearly every one of the over 700 entries in Exhibit 13 of Defendants' Motion contains a redaction. (*See* ECF No. 232-13.) While some of the entries are more decipherable than others, the Court agrees with the Plaintiffs that the redactions make it difficult, if not nearly impossible, to determine the reasonableness of the hours billed. For example, the fifth entry states: "Legal research regarding REDACTED; telephone conference with RCRyan regarding REDACTED; correspondence and telephone conference with AAHubbard regarding REDACTED; review and analyze related background materials." (ECF No. 232-13 at 2.) While each of these tasks is typical billable work, it is unclear to the Court whether the work was done in conjunction with this case and not for any of the other related cases.

Defendants argue the redactions are to protect attorney-client confidential communications and work product. (ECF No. 240 at 10-11.) However, the fact that each entry contains a redaction leads the Court to consider this as a "blanket assertion of attorney-client privilege" which is "'extremely disfavored.'" *See Gashtili v. JB Carter Properties II, LLC*, No. 2:12-CV-00815-MMD, 2013 WL 5837001, at *1 (D. Nev. Oct. 30, 2013) (quoting *Clarke v. Am. Comm. Nat. Bank*, 974 F.2d 127, 129 (9th Cir.1992)). "A district court may require 'individual explanations justifying the assertion of privilege.'" *Id.* (quoting *Clarke*, 974 F.2d at 129.) Defendants "must either carry its burden to show the

billing statements are privileged and protected from disclosure or produce the same to opposing counsel for its opposition, if any." *See id.*

Because the Court cannot fully consider the pending motion, the Court orders Defendants to review and re-submit amended billing entries within 21 days of the date of this Order redacting only those entries that are truly necessary to protect privileged information.[1] Moreover, in addition to the amended billing entries, Defendants are ordered to also submit a detailed privilege log for every redaction in their new filing. Failure to comply with this Order may be construed as grounds to deny Defendants' motion for attorney fees.

Plaintiffs will have 21 days to respond, if desired, from the date of Defendants' submission of the unredacted entries. No reply shall be permitted.

Accordingly, **IT IS ORDERED** that Defendants shall submit amended billing entries, and if applicable, a privilege log, within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs response to the amended billing entries shall be filed within 21 days of Defendants submission.

**IT IS SO ORDERED.** [2]

**DATED:** January 16, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants may use this opportunity to refine their requested fees and ensure the hours billed for this case are in fact strictly related to this case. If changes to the requested fees are made, Defendants must provide the accompanying data as to the final fee amount requested. Defendants may not seek fees greater than that already sought in their original Motion.

[2] This Order is not to be construed as a determination of Defendants' pending motion for fees, (ECF No. 232).

3