# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. SEMAS, *et al.*, | Case No. 3:19-CV-125-CLB |
| Plaintiffs, | **ORDER DENYING MR. MARC LAZO'S OBJECTION** |
| v. | [ECF No. 248] |
| CHEMETALL US, INC., *et al.*, | |
| Defendants. | |

Currently pending before the Court is Mr. Marc Lazo's ("Lazo") Objection (ECF No. 248), to the Court's Order granting Defendants' Motion for Attorney Fees, (ECF No. 247). On March 14, 2025, the Court granted Defendants' motion for attorney fees and awarded Defendants $244,234.09 in attorney fees. (ECF No. 247.) The Court further found Mr. Lazo and Plaintiffs jointly and severally liable for the entire amount of the fees award. (*Id.*) On March 31, 2025, Mr. Lazo filed an "Objection" to the Court's Order, arguing the Order is "clearly erroneous and contrary to law" because he did not have the opportunity to be heard. (ECF No. 248 at 4.) Mr. Lazo asserts he was not served and as a result had no notice of his potential liability as to the attorney fees award.[1] (*Id.*) Mr. Lazo seeks reconsideration of the Court's Order under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 3-1(a). (*Id.*)

---

[1]    On November 1, 2024, Defendants filed their Certificate of Service of their Motion for Attorney Fees. (ECF No. 239.) The Certificate provides that the Motion was delivered by first-class mail on October 9, 2024, at 3:36 PM to the same address Mr. Lazo listed on his Objection. (*Compare* ECF No. 239-1 at 2 *with* ECF No. 248 at 1.) The same was filed by Defendants as to their Reply Brief on November 25, 2024. (ECF No. 241-1.)

Defendants service was proper under Fed. R. Civ. Pro. 5(b)(2)(C). *See Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F. App'x 406, 408 (9th Cir. 2018) (holding that the "district court did not err in failing to set aside the default judgment" on grounds of "inadequate service of process" because the Plaintiff properly served Defendants their motion to enter default judgment pursuant to Fed. R. Civ. Pro. 5(b)(2)(C)); *see also Lee v. POW! Ent., Inc.*, 468 F. Supp. 3d 1220, 1231 (C.D. Cal. June 25, 2020) (finding service of motions for sanctions by mail procedurally proper under Fed. R. Civ. Pro. 5). Accordingly, the Court finds Mr. Lazo was served with the motion and reply, which both requested that he be held joint and severally liable for any award of attorney fees in this case. Moreover, Mr. Lazo's arguments that he did not have an opportunity to be heard on these issues are wholly without merit.

On May 13, 2019, this case was referred to Magistrate Judge Carla Baldwin "on Consent in accordance with 28 U.S.C. Section 636(c)" "for all further proceedings." (ECF No. 138.) Magistrate Judge Baldwin has been the sole Judge on this case since and Mr. Lazo was well-aware of that fact before his withdrawal in June of 2022. Per Local Rule IB 2-1, once consent and referral to Magistrate Judge Baldwin was entered, the Court had the authority to

> conduct any or all proceedings in the case, including the conduct of a jury or non-jury trial, and may order the entry of a final judgment under 28 U.S.C. § 636(c). In conducting those proceedings, a magistrate judge may hear and determine any and all pretrial and post-trial motions filed by the parties, including case-dispositive motions.

See *Washington v. Kijakazi*, 72 F.4th 1029, 1035 (9th Cir. 2023) ("[J]urisdiction under § 636(c)(1) gives the magistrate judge's ruling 'the same effect as if it had been made by a district judge.'") (quoting *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 685 (9th Cir. 2016)).

Per Local Rule IB 3-1, "[a] district judge may reconsider any **pretrial matter referred** to a magistrate judge in a civil or criminal case under LR IB 1-3." The Court's Order granting Defendants' Motion for Attorney Fees, (ECF No. 247), is neither a pretrial matter nor a matter referred by a District Judge to a Magistrate Judge. Furthermore, once consent to proceed before a Magistrate Judge was entered in May 2019, objection procedures under Local Rule IB 3-1(a) and 28 U.S.C. § 636(b) no longer applied to any decisions made by the Court. Mr. Lazo is well-aware that since May 2019, no District Judge has been involved in the case and Magistrate Judge Baldwin was given consent to preside over all aspects of the case with the same authority as a District Judge. Between May 2019 and June 2022, Mr. Lazo appeared, filed and argued multiple motions, otherwise proceeded before the Court and Magistrate Judge Baldwin handled all aspects of the case pursuant to Local Rules IB 2-1 and 2-2 and 28 U.S.C. § 636(c).[2]

---

[2] To be clear, the Court does not interpret Mr. Lazo's Objection as objecting the assignment of the case to a Magistrate Judge. Objecting to a Magistrate Judge's authority upon consent after appearing and arguing before the Court and receiving an unfavorable decision has been expressly disfavored by the Ninth Circuit. See *Washington v. Kijakazi*, 72 F.4th at 1038-39.

Per Local Rule IB 3-4:

> Upon the entry of judgment in any civil case disposed of by a magistrate judge on consent of the parties under 28 U.S.C. § 636(c) and LR IB 2-1, an appeal by an aggrieved party may be taken directly to the Court of Appeals in the same manner as an appeal from any other judgment of this court.

*See* 28 U.S.C. § 636(c)(3). If Mr. Lazo believes he has a meritorious argument regarding the Court's order, his sole remedy is to appeal it to the United States Court of Appeals for Ninth Circuit, not reconsideration before a District Judge.

Accordingly, Mr. Lazo's Objection, (ECF No. 248), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: March 31, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**