# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. SEMAS, *et al.*, | Case No. 3:19-CV-00125-CLB |
| Plaintiffs, | **ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND DENYING MOTIONS FOR RECONSIDERATION** |
| v. | |
| CHEMETALL US, INC., *et al.*, | [ECF Nos. 251, 252, 255] |
| Defendants. | |

On March 14, 2025, this Court awarded Defendants' Chemetall US, Inc. ("Chemetall"), BASF Corp. ("BASF"), QualiChem, Inc. ("QualiChem"), Miles Chemical Co. ("Miles"), John Schneider and Associates, Inc. ("Schneider"), Ronatec C2C ("Ronatec"), and Southern Industrial Chemicals, Inc ("Southern") (collectively referred to as "Defendants") attorney fees. (ECF No. 247.) Currently pending before the Court is Plaintiffs David M. Semas ("Semas") and Metalast, Inc. ("Metalast") (collectively referred to as "Plaintiffs") motion for reconsideration of the Court's Order, (ECF No. 247), awarding attorney fees. (ECF No. 251.) Former counsel for Plaintiffs Marc Lazo ("Lazo") also filed his own motion for reconsideration of the Court's Order denying his Objection, (ECF No. 249), to the Court's Order awarding fees. (ECF No. 255.) For the reasons stated below, the Court denies both motions for reconsideration.[1]

///

///

///

---

[1]     Plaintiffs request the Court take judicial notice of the Exhibits five through nine and fifteen of their motion for attorney fees. (ECF No. 252.) These exhibits contain prior filings and orders from other cases involving the parties. (*See* ECF Nos. 251-5, 251-6, 251-7, 251-8, 251-9, 251-15.) Plaintiffs request for judicial notice is unopposed. A court may take judicial notice of a fact that is generally known, and which is not subject to dispute, and deemed authentic. *See* Fed. R. Evid. 201. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). Accordingly, the Court grants Plaintiffs' request for judicial notice, (ECF No. 252).

# I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

## A.    Motion for Attorney Fees

On October 8, 2024, Defendants moved this Court for attorney fees under the Lanham Act and NRS 18.010(2)(b). (ECF No. 232.) Defendants requested fees of $636,828.53 for 1404.6 hours of work incurred related to this case. (ECF No. 245.) Defendants also sought to hold Lazo jointly and severally liable for all fees incurred through June 30, 2022 "for his vexatious and unreasonable litigation tactics." (ECF No. 232 at 22-25.) Defendants state they arranged for personal service on October 8, 2024 but such attempts were ineffective. (ECF No. 260 at 4.) Soon after, Defendants attempted service pursuant to Cal. Civ. Pro. Code § 415.20(1): "service of an employee listed on Lazo's address plus mailing would constitute personal service under California law." (*Id.* at 5.) On November 1, 2024, Defendants filed their Certificate of Service, declaring service was properly completed. (ECF No. 239.) Defendants state they did not receive a notice of failed delivery or "return to sender" of the motion. (ECF No. 260 at 5.)

Plaintiffs opposed Defendants' motion for fees on October 22, 2024. (ECF No. 234.) Defendants filed their reply to Plaintiffs' response on November 5, 2025. (ECF No. 240.) Defendants filed their Certificate of Service of their reply on November 25, 2024. (ECF No. 241.) On January 16, 2025, the Court ordered Defendants to file amended billing entries, (ECF No. 242), which they did on February 7, 2025, (ECF No. 245). Plaintiffs responded to the amended billing entries on February 13, 2025. (ECF No. 246.)

On March 14, 2025, the Court granted Defendants' motion for attorney fees and awarded Defendants $244,234.09 in attorney's fees. (ECF No. 247.) The Court held Plaintiffs and Lazo jointly and severally liable for the entire amount of the fees award. (*Id.*)

On March 31, 2025, Lazo filed an Objection to the undersigned's order granting

---

[2]    As the parties are familiar with the factual and procedural history of this action and the underlying *Chemeon* case, the Court will not restate the information. Rather, the Court incorporates the facts and procedural history of this action and the *Chemeon* case from its March 14, 2025 Order granting attorney fees herein by reference. (ECF No. 247 at 2-7.)

fees, seeking review of the order by a district court judge pursuant to Local Rule IB 3-1. (ECF No. 248.) The same day, the Court denied the objection and reminded Lazo that the instant action was proceeding before the undersigned on consent pursuant to Local Rule IB 2-1 and 28 U.S.C. § 636(c). (*Id.*) As such, review of the order granting fees would be conducted by the Ninth Circuit of Appeals. (*Id.*)

On April 10, 2025, Plaintiffs filed a motion for reconsideration of the Court's order granting fees (ECF No. 247), seeking to shift the liability of the entire fees award to Lazo. (ECF No. 251.) On April 24, 2025, Defendants and Lazo filed their separate responses to Plaintiff's motion. (ECF Nos. 258, 259.) On May 1, 2025, Plaintiffs replied. (ECF No. 263.)

On April 14, 2025, Lazo filed his motion for reconsideration of the Court's order denying his objection, (ECF No. 249), seeking oral argument regarding his allegations of fraudulent service documents and for the Court to set aside it's order granting attorney fees. (ECF No. 255.) On April 22, 2025, Defendants filed their response to Lazo's motion. (ECF No. 258.) On April 28, 2025, Plaintiffs filed their response to Lazo's motion. (ECF No. 260.) On May 5, 2025, Lazo filed his reply. (ECF No. 264.)

## II.    LEGAL STANDARD

Rule 59(e) permits a district court to reconsider and amend a previous order. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *ESCO Corp. v. Cashman Equip. Co.*, 158 F.Supp.3d 1051, 1076 (D. Nev. 2016) (internal quotation omitted).

The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see Wells Fargo Bank, N.A. v. Mahogany*

*Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) ("A district court generally should not grant a [motion for reconsideration] in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law."). A motion for reconsideration is properly denied where it presents no new arguments or evidence. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Wells Fargo Bank, N.A.*, 979 F.3d at 1218 (citing *Kona Enters.*, 229 F.3d at 890). Motions to reconsider are rarely granted. *See, e.g., School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

III.    **DISCUSSION**

   A.    <u>**Plaintiffs' Motion for Reconsideration**</u>

   Plaintiffs' motion requests the Court reconsider its order granting attorney fees and "modify the ruling to impose sanctions against Mr. Lazo, but eliminate the sanctions against [Plaintiffs]." (ECF No. 251 at 16.) Plaintiffs assert Semas and Metalast should not be held responsible for the Lazo's "sins." (*Id.* at 8.) Plaintiffs cite out-of-circuit case law for the proposition that clients should not be held responsible for the misconduct of their attorneys unless there is client culpability. (*Id.* at 7-8.) Semas states he "trust[ed]" Lazo but "had no input into picking the venue . . . ." (*Id*. at 4.) Plaintiffs read the Court's order granting attorney fees as an order focused only on Lazo's conduct and thus argue the Court should shift the responsibility of fees to Lazo. (*Id.* at 16.) Plaintiffs do not challenge the Court's grounds for finding fees under the Lanham Act, only that Lazo should be held responsible. (*Id.*)

   Plaintiffs' arguments regarding the Court's inability to hold a client liable for their

attorney's misconduct falls short under relevant Ninth Circuit case law.[3] "Under this circuit's precedent, a client is ordinarily chargeable with his counsel's negligent acts. Clients are 'considered to have notice of all facts known to their lawyer-agent.'" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (quoting *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir.1989)). In *Community Dental Services*, the Ninth Circuit "held that an attorney's gross negligence may constitute "extraordinary circumstances" to set aside a default judgment. *Id.* at 1171 (noting the attorney had "abandoned his clients by failing to proceed with his client's defense despite court orders to do so"). While the present action does not involve a default judgment, this Court will apply the Ninth Circuit's law requiring Plaintiffs to demonstrate extraordinary circumstances to avoid liability for attorney misconduct.

Defendants aptly point out Semas was well-aware of Lazo's actions and even endorsed them. (ECF No. 256 at 5.) Semas's original complaint before the Central District of California included a note that the suit "could really shake the tree, but it's up to [Lazo]." (ECF No. 1 at 2.) In their motion, Semas has neither cited relevant Ninth Circuit law nor shown extraordinary circumstances such as abandonment. Semas states "he was happy to see the case filed in California," demonstrating that he knew was going on and had no issue with it. (ECF No. 251-1 at 5.) Plaintiffs have not shown that Lazo abandoned representation of Semas, failed to keep Semas appraised of what was taking place, or went against Semas wishes.

Furthermore, Defendants and Lazo are correct in their response that the Court's order granting attorney fees explicitly held Plaintiffs liable for filing the lawsuit in bad faith in the Central District of California. (ECF Nos. 256, 259.) Plaintiffs' arguments in reply do not address Defendants' arguments regarding Semas's involvement in the early part of

---

[3] Semas relies on case law from outside of the Ninth Circuit. The Court does not consider these citations to be new or changes in controlling law. *See Allstate Ins. Co.*, 634 F.3d at 1111.

his case. (ECF No. 263.) Thus, Defendants have not met their burden to show that the Court erred in holding both Plaintiffs and Lazo jointly and severally liable for attorney fees under relevant Ninth Circuit law such that reconsideration is necessary. *See Allstate Ins. Co.*, 634 F.3d at 1111.

Having reviewed the motion and the other arguments and cases cited within, the Court finds that Plaintiff's motion does not offer any newly discovered evidence, does not demonstrate clear error or that the Court's decision was manifestly unjust, and there has not been any intervening change in controlling law. *See Allstate Ins. Co.*, 634 F.3d at 1111. Thus, the Court does not find reconsideration appropriate and denies the motion accordingly.

**B.    Lazo's Motion for Reconsideration[4]**

Next, Lazo seeks reconsideration of the Court's order at ECF No. 249 denying his objection to the Court's order granting attorney fees. (ECF No. 255.) In large part, Lazo does not address the procedural substance of the Court's order denying his objection. (*Id.*) Instead, his focus is on one footnote within the order regarding service. (*Id.*) Lazo states the Court's finding regarding service was clearly erroneous and seeks reconsideration of not only the Court's order denying his objection but also that the Court "set aside all of the portions of her prior Order granting attorney's fees that mention Mr. Lazo, including and especially the portions unlawfully imposing sanctions against him. Defendants' fraudulent conduct on this Court warrants no less." (*Id.* at 18.) Lazo asserts that Defendants proof of service documents docketed at ECF Nos. 239 and 241 are "fake." (ECF No. 255 at 2.) Lazo provides affidavits from the employees of his law firm and the UPS Store that receives mail on his firm's behalf as evidence of Defendants' failure to service the motion for attorney fees upon Lazo. (*Id.*) As a result, Lazo argues

---

[4]    Lazo requests oral argument. (ECF No. 255 at 18.) However, he is not entitled to oral argument. Local Rule 78-1; *see Hall v. Norton*, 93 F. App'x 105 (9th Cir. 2004). Given the Court's significant familiarity with the case, attorneys, and parties; Lazo's conduct in this and other cases (*see* ECF Nos. 247 at 23-25, 249 at 1-3); and the arguments presented in the briefing of both motions for reconsideration, the Court does not find that it would benefit from oral argument.

1    Defendants' and their counsel "have perpetrated an egregious fraud upon this Court" as

2    it relates to service. (*Id.* at 13 n.2.)

3          Plaintiffs and Defendants state Lazo's motion is procedurally improper. (ECF Nos.

4    257, at 1, 260 at 2.) Plaintiffs do not oppose Lazo's request for a hearing, but they do not

5    support Lazo's arguments regarding alleged fraudulent service by Defendants. (ECF No.

6    257.) Defendants oppose Lazo's allegations of fraud and argue service was proper under

7    Fed. R. Civ. P. 4 and 5 and Cal. Civ. Pro. Code § 415.20(a). (ECF No. 260 at 4-10.)

8    Defendants acknowledge their initial service was improper but outline the alternative

9    methods they followed under the applicable civil rules of procedure. (*Id.*) Once service

10   was properly effectuated under Cal. Civ. Pro. Code § 415.20(a), which is permitted under

11   Fed. R. Civ. P. 4(e)(1), Defendants state Lazo had until December 1, 2024 to respond to

12   the motion.[5] (ECF No. 260 at 7-8 n.3.)

13         In reply, Lazo does not address Defendants arguments regarding proper service

14   under the applicable state and federal rules of procedure. (ECF No. 264.) Instead, Lazo

15   relies on the affidavits and pushes the same narrative of fraud because he "knows that

16   those documents are fraudulent." (ECF No. 264.) The Court finds Lazo has not shown

17   any fraud occurred in this case, nor does he meet the burden of Fed. R. Civ. P. 59. Rule

18   59 mandates a high burden for the Court to consider reconsideration. *See Allstate Ins.*

19   *Co.*, 634 F.3d at 1111. The same is true regarding arguments related to improper service.

20   *See SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007) ("We also

21   hold that a signed return of service constitutes prima facie evidence of valid service which

22   can be overcome only by strong and convincing evidence"); *Brockmeyer v. May*, 383 F.3d

23   798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of

24   establishing that service was valid under Rule 4.").

25         Ultimately, Lazo's argument rests on his own words. However, statements

26   asserting that he did not receive the motion do not amount to the "strong and convincing

27

28      [5]    Notably, the Court did not take any actions regarding the pending motion for attorney fees until January 16, 2025. (ECF No. 242.)

7

1    evidence" necessary to prove that service did not occur. *See, e.g.*, *Craigslist, Inc. v.*

2    *Hubert*, 278 F.R.D. 510, 514 (N.D. Cal. Nov. 22, 2011) ("[A] self-serving declaration is

3    generally insufficient to defeat a signed return of service"); *United States v. Offor*, No. 10-

4    cv-07724-VAP, 2018 WL 6163103, at *2 (C.D. Cal. Feb. 2, 2018) (finding declarations

5    insufficient to defeat presumption of valid service). Defendants made multiple attempts to

6    serve Lazo and did not receive a "return to sender" or any other indication that delivery

7    was not successful upon their service pursuant to Cal. Civ. Pro. Code § 415.20(a). (ECF

8    No. 260-1 at 3-4.) Lazo has not shown any putative error deprives him of his due process

9    rights given the "'reasonably calculated, under all the circumstances" attempts "to apprise

10   [the] interested parties of the pendency of the action.'" *United Student Aid Funds, Inc. v.*

11   *Espinosa*, 559 U.S. 260, 271-72 (2010) (quoting *Mullane v. Cent. Hanover Bank & Tr.*

12   *Co.*, 339 U.S. 306, 314 (1950)).

13          Repeatedly, the judges of this district, as well at the California State Bar, have

14   found Lazo to be uncredible and unreliable. (ECF Nos. 247, 249, 260-2 ("Lazo was not

15   forthright and honest in his requests for a trial continuance" who file[d] pleadings with

16   misrepresentations and half-truths . . . .")). *See Baker v. Meiling*, No. 3:20-cv-00518-

17   MMD-CLB, 2022 WL 1059476, at *8 (D. Nev. Feb. 24, 2022), *aff'd*, No. 22-15503, 2023

18   WL 8643233 (9th Cir. Dec. 14, 2023) ("Lazo made several arguments in response to the

19   Motion that are so beyond colorable the Court can reasonably infer that he is at least

20   recklessly making false statements of fact and law. Lazo's conduct is far outside the realm

21   of the permissible."). Given Lazo's history of lack of candor with the courts, this Court will

22   not endorse his theory of fraudulent service by Defendants who have provided legitimate

23   responses regarding the validity of service under the applicable rules of federal and state

24   civil procedure.

25          Having reviewed the motion and the other arguments and cases cited within, the

26   Court finds Lazo's motion does not offer any newly discovered evidence, does not

27   demonstrate clear error or that the Court's decision was manifestly unjust, and there has

28   not been any intervening change in controlling law. *See Allstate Ins. Co.*, 634 F.3d at

1111. Thus, the Court does not find reconsideration appropriate and denies the motion

accordingly.

**IV.     CONCLUSION**

     **IT IS THEREFORE ORDERED** that Plaintiffs' motion for reconsideration, (ECF No. 251), is **DENIED**.

     **IT IS FURTHER ORDERED** that Plaintiffs' request for judicial notice, (ECF No. 252), is **GRANTED**.

     **IT IS FURTHER ORDERED** that Lazo's motion for reconsideration, (ECF No. 255), is **DENIED**.

     **DATED**: ___June 3, 2025___.

**UNITED STATES MAGISTRATE JUDGE**